IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHASTA DOMONI STALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV317 |
| | ) | |
| DENIS MCDONOUGH, Secretary of Department of Veterans Affairs, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Pro se Plaintiff Shasta Staley brings this employment discrimination action seeking judicial review of a Merit Systems Protection Board decision under 5 U.S.C. § 7703, and alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* (ECF No. 2 at 3.) The Defendant in this action is Denis McDonough, in his capacity as the Secretary of the United States Department of Veterans Affairs ("the Government"). Before the Court is a motion filed by the Government that is captioned as a "Motion to Dismiss" but fails to reference any rule of the Federal Rules of Civil Procedure as the basis for the relief it seeks. (ECF No. 13.) Also before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses made pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure and Local Rule 7.3. (ECF No. 17.) For the reasons that follow, the Court will grant in part and deny in part the Government's Motion to Dismiss and will grant in part and deny in part Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

## I. BACKGROUND

The Complaint alleges that Plaintiff was hired in 2012 by the Department of Veterans Affairs to work at the Winston-Salem Regional Office ("WSRO"). (ECF No. 2 at 5 ¶ 1.)

According to the Complaint, Plaintiff's job duties aggravated certain of her disabilities, and she therefore requested reasonable accommodations from her employer. (*Id.* ¶ 3.) Plaintiff claims that the Government did not assist her after she made her request; therefore, in June 2018 Plaintiff contacted the agency's Office of Resolution Management and initiated an informal complaint alleging disability discrimination. (*Id.* ¶ 4.) Plaintiff later formalized her complaint. (*Id.* ¶¶ 4, 6.) After Plaintiff took this action, a WSRO manager proposed Plaintiff's removal from her employment pursuant to 38 U.S.C. § 714 for failure to meet performance standards. (*Id.* ¶¶ 7, 9.) The Director of the WSRO sustained the removal, and Plaintiff was removed in May 2019. (*Id.* ¶¶ 7, 10, 13.)

In December 2019, Plaintiff and the Government engaged in arbitration regarding Plaintiff's removal. (*Id.* ¶ 17.) The arbitrator determined that the Government had violated the terms of a union agreement when it removed Plaintiff and had also failed to provide her with effective reasonable accommodations for her disabilities. (*Id.* ¶ 18.) The arbitrator ordered that the Government reinstate her and make her whole for lost wages, benefits, and seniority. (*Id.*) Plaintiff returned to work at the WSRO later that month. (*Id.* ¶¶ 19–20.)

However, around the time that Plaintiff returned to work, COVID-19 caused the office to shift to telework. (*Id.* ¶ 26.) According to Plaintiff, there were issues with respect to her teleworking arrangements, which had to be approved by the same employees whom she claims had participated in her earlier removal and who were, at that point, allegedly harassing her. (*Id.* ¶¶ 22–31.) Plaintiff ultimately requested to take leave without pay. (*Id.* ¶ 32.) Due to

additional issues that arose with respect to the request for leave, Plaintiff was placed in Absent Without Leave status. (*Id.* ¶ 39.) Plaintiff was again removed, (*id.* ¶ 50), and Plaintiff filed another formal complaint, (*id.* ¶¶ 51–54).

Subsequently, there were proceedings before the Merit Systems Protection Board ("MSPB"). (*Id.* ¶¶ 55–63.) In November 2021, an MSPB Administrative Judge told the parties that the evidence file did not appear to support Plaintiff's removal. (*Id.* ¶ 63.) At this time the MSPB judge also allegedly "informally directed [the Government] to rescind Plaintiff's [second] removal." (*Id.*) A few days after, the Government determined that it would rescind Plaintiff's second removal. (*Id.* ¶ 64.)

Meanwhile, Plaintiff had been pursuing disability retirement—she had begun this process after her first removal in 2019. (ECF No. 2 ¶¶ 14–16, 50, 65.) Plaintiff was ultimately granted disability retirement; however, the approval occurred during the period between Plaintiff's second removal and the rescinding of that removal. (*Id.* ¶ 50.) This meant that following the rescinding of the second removal, Plaintiff was unable to return to work; she was, in her words, in "involuntary retirement." (*Id.* 65; ECF No. 19 at 9–18.)

Finally, in February 2022, after all of the events described above, the MSPB issued a decision, a copy of which Plaintiff attached to her Complaint, that (1) determined that the issue of whether Plaintiff had been wrongfully removed was moot, and (2) denied Plaintiff's request for corrective action related to discrimination. (*Id.* ¶ 66; ECF No. 2-1 at 27.) In that decision, the MSPB noted that Plaintiff had attempted to raise the disability retirement issue in that proceeding, but that any such claim was untimely. (ECF No. 2-1 at 5.)

There are currently three claims at issue in this action. (ECF No. 2 at 3.) Plaintiff's first claim relates to the MSPB proceedings and is brought pursuant to 5 U.S.C. § 7703, which

3

allows employees "aggrieved by a final order or decision of the Merit Systems Protection Board [to] obtain judicial review of the order or decision." Plaintiff's other two claims are for employment discrimination and retaliation. One of these claims is brought pursuant to Title VII, the other is brought pursuant to the Rehabilitation Act.[1]

Finally, the Court notes that Plaintiff also originally brought a fourth claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203 *et seq.* (ECF No. 2 at 3.) That claim is no longer at issue. In its Motion to Dismiss, the Government argued that the ADA does not allow claims against the United States. (ECF No. 12 at 11 (citing 42 U.S.C. § 12111(5)(B)).) Plaintiff has since acknowledged the Government's point and voluntarily withdrawn her ADA claim. (ECF No. 19 at 18.) The Court therefore will grant the Government's Motion to Dismiss with respect to the ADA claim and will treat the ADA claim as if it has already been dismissed in its discussion of the pending motions.[2]

---

[1] Plaintiff's Complaint does not specify that Plaintiff brings a claim pursuant to the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; instead, Plaintiff alleges that she relies on 29 C.F.R. § 1614.101(b). (ECF No. 2 at 3.) Because Plaintiff is pro se, the Court construes her pleading liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The Rehabilitation Act prohibits federal agencies from discriminating against qualified employees based on a disability and authorizes civil actions to remedy such discrimination." *Figueroa v. Geithner*, 711 F. Supp. 2d 562, 569 (D. Md. 2010). In the Code of Federal Regulations, § 1614.101 *et seq.* sets out the administrative processes for federal employees of Executive agencies to make discrimination or retaliation claims under the Rehabilitation Act (as well as Title VII and the ADEA). *See Hernandez-Stella v. Shinseki*, 978 F. Supp. 2d 105, 113–15 & n.9 (D.P.R. 2013) (summarizing the relevant regulations). Because C.F.R. § 1614.101 implements the Rehabilitation Act, the Court reads the Complaint as alleging a claim under the Rehabilitation Act. The Court notes that the Government also reads the Complaint as alleging a Rehabilitation Act claim and asked the Court to clarify the issue. (ECF No. 12 at 11–12.)

[2] There appears to be significant disagreement between the parties regarding what claims have been alleged. In its brief in opposition to Plaintiff's Motion to Strike, the Government presents a list of what claims/issues it believes might be in this case. (ECF No. 24 at 3–4.) In her reply brief, Plaintiff responds by setting out a numbered list of claims that she contends are before this Court. (ECF No. 25 at 2–3.) The Court, based solely on a liberal reading of the Complaint, has identified generally the four claims (including the ADA claim) discussed here. It is the Complaint and not the briefing or oral advocacy that dictates what claims are before the Court.

4

## II. THE GOVERNMENT'S MOTION TO DISMISS

The Government's Motion to Dismiss addresses only Plaintiff's claim under 5 U.S.C. § 7703 related to her disability retirement status; it does not relate to Plaintiff's Title VII claim or her Rehabilitation Act claim. (*See* ECF No. 13 at 1 (stating that the Government seeks to dismiss Plaintiff's "non-discrimination claims" and "Plaintiff's claim regarding involuntary disability retirement").) Plaintiff has challenged the Government's Motion to Dismiss as defective under the Local Rule 7.3, which concerns procedural requirements for motions filed in this Court. (ECF No. 19 at 2.) Plaintiff argues that the Government's noncompliance with this Local Rule warrants summarily denying the Government's Motion to Dismiss in its entirety. (*Id.*) The Court will address this issue first because it is procedural and, under the circumstances, dispositive.

This Court's Local Rule 7.3 requires that all motions filed in a civil case (except for those motions listed in Local Rule 7.3(j) and motions made during a hearing or at trial) be made in writing, be set out in a separate pleading, and be accompanied by a brief. L.R. 7.3(a). Motions must also "state with particularity the grounds therefor" and "cite any rule of procedure relied upon." L.R. 7.3(b). This means that a party moving to dismiss a claim under a subsection of Rule 12(b) of the Federal Rules of Civil Procedure must identify Rule 12(b) and the relevant subsection in its motion paper (not just the accompanying brief). The requirement that a party state the grounds for a motion and cite any relevant rules of procedure is a "basic requirement." *Watson v. McPhatter*, No. 17-CV-934, 2022 WL 1204925, at *2 (M.D.N.C. Apr. 22, 2022). Following this rule "aids opposing parties and the court in a determination of the specific grounds for a motion [and] provid[es] a clear record and basis

for a ruling of the court." *Long v. Libertywood Nursing Ctr.*, No. 13-CV-315, 2014 WL 298755, at *1 n.1 (M.D.N.C. Jan. 28, 2014).

Here, the Government's Motion to Dismiss does not cite any rule of procedure it relies upon. (ECF No. 13.) The Court therefore finds that the Government has failed to comply with Local Rule 7.3.

However, the Local Rules do not specify what sanction would be appropriate for a violation of the citation requirement of Local Rule 7.3; indeed, the Local Rules do not even require that the Court impose any sanction for such a violation. Sanctions for violations of the Local Rules are discretionary. L.R. 83.4 ("If an attorney or a party fails to comply with a local rule of this Court, the Court may impose sanctions . . . . The imposition of sanctions for violation of a local rule is discretionary with the Court.").

Plaintiff argues that it would be appropriate to summarily deny the Government's motion because, in this case, the Government's failure to comply with Local Rule 7.3 has made it difficult to determine what procedural rule the Government moves under. (ECF No. 19 at 2.) Plaintiff acknowledges there are indications within the Government's supporting brief that the Government meant to move under Rule 12(b) of the Federal Rules of Civil Procedure, however, Plaintiff contends that "[neither] this Court nor the Plaintiff should speculate whether or not Defendant brought" its motion under that rule. (*Id.* at 2.)

The Government failed to respond to Plaintiff's argument. (*See generally* ECF No. 23.) Nowhere in the Government's reply brief does the Government mention Local Rule 7.3, either to argue that it did not violate this rule, or to argue that its failure to specify in its motion paper what rule it moves under is a very minor violation that should not result in denial of the motion. (*See generally id.*)

6

It is well-established that "a party who fails to address an issue has conceded the issue." *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 08-CV-918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) (collecting cases). Thus, it appears that the Government concedes its rules violation—and the Court will enforce the rule in full under these circumstances.

Plaintiff argued that the Government's violation of Local Rule 7.3 warrants summarily denying the Government's motion. (ECF No. 19 at 2.) She made this argument the first argument in her brief, she set it out in a distinct section with the caption "Defendant's Motion to Dismiss is defective and must be denied," and she quoted Local Rule 7.3(b) with added bolding and italics. (*Id.*) Due to this prominent placing in Plaintiff's brief, the Government could not have inadvertently overlooked that Plaintiff identified a Local Rules violation and requested a sanction. However, rather than acknowledge the issue, the Government apparently chose to ignore it. The Government, a sophisticated party that frequently comes before this Court, may not violate this Court's Local Rules and then, when the opposing party points out the violation, ignore the issue with the expectation that the Court will likewise ignore the violation.

Moreover, the Court agrees with Plaintiff that the Government's brief does not make it clear what procedural rule governs its motion. Although it is not required by the Local Rules, litigants often organize their briefs in support of motions such that they name the rule of procedure that they are moving under in the introduction of the brief. The Government did not do that here. (ECF No. 12 at 1–2.) A reader of the Government's opening brief might surmise that the Government intended to move under Rule 12(b)(6) because the Government states that the questions its motion presents all involve whether Plaintiff has "fail[ed] to state a claim." (ECF No. 12 at 5.) However, in its reply brief, the Government cites both Rule

7

12(b)(1) and Rule 12(b)(6), recites the standard of review for each rule, and explains in a footnote that it meant to move under both but "erroneously" discussed only Rule 12(b)(6) in its opening brief. (*Id.* at 1–3 & n.1.) The Court notes that the phrase "subject matter jurisdiction" appears nowhere in that opening brief. (*See generally* ECF No. 12.) The Court also notes that the Government's reply brief appears to seek dismissal of claims under Rule 12(b)(1) that were not at issue in the Government's motion or opening brief.[3] Given that Plaintiff is proceeding *pro se*, the Court concludes that the Government's errors in identifying what rule it moved under (and therefore what standard of review applies) prejudiced Plaintiff's ability to properly respond.

For the foregoing reasons, the Court finds that the Government has conceded through its silence that it violated Local Rule 7.3 and has also conceded that its violation warrants denying its motion. The Court therefore will deny the Government's Motion to Dismiss (except with respect to the voluntarily withdrawn ADA claim). This denial is without prejudice as to the merits of any issues raised in the Government's papers.

## III. PLAINTIFF'S MOTION TO STRIKE

Plaintiff's Motion to Strike asks this Court to strike all affirmative defenses pled by the Government in its Answer. (ECF No. 17.)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or upon a proper motion. Fed. R. Civ. P. 12(f). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of

---

[3] (*Compare* ECF No. 13 at 1 (listing claims at issue as "Plaintiff's non-discrimination claims" and "[the] claim regarding involuntary disability retirement," and the subsequently withdrawn ADA claim) *with* ECF No. 23 at 3 (additionally requesting that "[t]o the extent Plaintiff's complaint contains a claim for discrimination on any basis other than retaliation/reprisal, the claim should be dismissed for failure to exhaust administrative remedies pursuant to Rule 12(b)(1)").)

8

time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Buser v. S. Food Serv., Inc.*, 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Motions to strike are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380). "However, where a defense 'might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action . . . [it] should be deleted.'" *Keith Bunch Assocs., LLC v. La-Z-Boy Inc.*, No. 14-CV-850, 2015 WL 4158760, at *1 (M.D.N.C. July 9, 2015) (quoting *Waste Mgmt. Holdings*, 252 F.3d at 347).

"Where, as in this case, the defense at issue is an affirmative defense, Rule 8(c) of the Federal Rules of Civil Procedure governs how such a defense should be pled." *Id.* at *2. Rule 8(c) provides that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Although there is disagreement among district courts, this Court and some others within the Fourth Circuit have previously not required defendants pleading affirmative defenses to meet the particularity and plausibility standard from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). *Keith Bunch Assocs.*, 2015 WL 4158760, at *2; *see also, e.g.*, *Glob. Garlic, Inc. v. Distribuidora Mi Honduras, LLC*, No. CV 21-1487, 2022 WL 326609, at *1 (D. Md. Feb. 3, 2022). "[A]s long as the affirmative defense gives the plaintiff fair notice of the nature of the defense, then it will be sufficient." *Keith Bunch Assocs.*, 2015 WL 4158760, at *2 (citing *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (unpublished)).

9

"[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the [c]ourt." *J&J Sports Prods., Inc. v. Lawson*, No. 17-CV-2939, 2019 WL 1754744, at *2 (D.S.C. Apr. 19, 2019) (quoting *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012)). District courts do not grant Rule 12(f) motions unless the moving party shows prejudice. *Staton v. N. State Acceptance, LLC*, No. 13-CV-277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013); *see also Riviera v. City of Chesapeake*, No. 22-CV-27, 2023 WL 3571930, at *2 (E.D. Va. May 19, 2023) ("[E]ven where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in [the] absence of a showing of prejudice to the moving party." (quoting *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993))). "Prejudice occurs where the challenged defense is irrelevant and 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery.'" *Keith Bunch Assocs.*, 2015 WL 4158760, at *1 (quoting *Staton*, 2013 WL 3910153, at *2).

Plaintiff's motion to strike is directed at the following affirmative defenses in Defendant's Answer: (1) that prejudgment interest is not available in this action against the United States; (2) that some or all of Plaintiff's claims are untimely; (3) that some or all of Plaintiff's claims are moot; and (4) that Plaintiff has failed to mitigate her damages, if any. (ECF No. 11 at 7; 18 at 1.) Plaintiff argues that these defenses should be stricken because they are "insufficiently pled, false, may bog down litigation and permit Defendant to engage in an impermissible fishing expedition disguised as permissible discovery to supposedly bolster a valid affirmative defense." (ECF No. 18 at 1.)

In response, the Government concedes that prejudgment interest may be available in this action; accordingly, the Government voluntarily withdraws that affirmative defense. (ECF No. 24 at 3.) Regarding the remaining affirmative defenses, the Government maintains that

10

these defenses should either be resolved in the Government's favor at this time, or, in the alternative, not be stricken because they implicate contested issues that cannot be resolved without further proceedings. (*Id.* at 1.)

Due to the Government's concession regarding the prejudgment interest issue, the Court will strike that affirmative defense. However, the Court finds that it is not appropriate to strike the remaining affirmative defenses.

Regarding the timeliness defense, in her brief Plaintiff does not argue that she could file her claims at any time without regard to any deadlines, rather, Plaintiff instead argues that her claims were all timely filed. (*See* ECF No. 18 at 17 (listing relevant deadlines), 18–23 (arguing for each claim that the claim was timely).) Thus, Plaintiff is essentially asking the Court to make findings of fact regarding the timeline of events in this case and then to conclude as a matter of law that Plaintiff's claims were timely. The Court will not do that at this stage of the litigation. *See Mod. Pharmacy, LLC v. J M Smith Corp.*, No. 19-CV-1218, 2020 WL 13490927, at *3 (D.S.C. Mar. 18, 2020) ("[A] motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact . . . ." (quoting *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011))). The Government's timeliness defense, if proved, might defeat Plaintiff's claims. Therefore, the Court will not strike it.

Regarding the issue of mootness, Plaintiff likewise does not argue that mootness would not defeat her claims; she argues instead that her claims are not moot. (ECF No. 18 at 23–26.) The Court's analysis with respect to this issue is similar to the Court's analysis with respect to the Government's timeliness defense. This case is still at the pleading stage and the record has not yet been developed through discovery. The Court is not in a position to conclude that Plaintiff's claims are definitively not moot. The Court therefore will not strike this defense.

11

Finally, regarding the issue of mitigation of damages, Plaintiff argues this affirmative defense should be stricken because (1) the Government insufficiently pled this defense by not stating how Plaintiff could have mitigated her damages, and (2) she did seek alternative employment to mitigate her damages. (ECF No. 18 at 26–28.) These arguments are not persuasive. First, the Court finds that the Government has provided sufficient notice to Plaintiff that it will pursue a failure-to-mitigate-damages theory in this litigation. It is not practical to require the Government to suggest specific steps that Plaintiff could have taken to make money despite her employment difficulties with the Government without the benefit of discovery.[4] Second, just as the Court cannot presently take evidence and make findings of fact about the timeline of events or whether some claims are not moot, the Court also cannot presently take evidence and make findings of fact regarding Plaintiff's search for alternative employment. (*See* ECF No. 18 at 28.)

For the foregoing reasons, the Court will grant Plaintiff's Motion to Strike only with respect to the Government's withdrawn prejudgment interest defense. The Court will deny the remainder of the motion.[5]

---

[4] Plaintiff cites *Jennings v. Nash*, No. 18-CV-3261, 2019 WL 286750 (W.D. Mo. Jan. 22, 2019) as supporting the proposition that a defendant asserting a failure-to-mitigate-damages defense must identify how a plaintiff failed to mitigate his or her damages. (ECF No. 18 at 27.) That case is distinguishable. In *Jennings*, the plaintiff alleged that the defendants had conspired "to suppress and fabricate evidence, resulting in [plaintiff's] wrongful conviction for the murder of his wife." 2019 WL 286750, at *1. The district court struck two defendants' failure-to-mitigate-damages defenses, stating, "[s]imply listing failure to mitigate damages as an affirmative defense gives no notice of what [plaintiff] allegedly could or should have done to limit his damages." *Id.* at *4. That statement makes sense within the context of that case—it is not clear how one can mitigate being wrongfully imprisoned, and the defendants therefore needed to provide additional details to give sufficient notice regarding their defense. Here, however, Plaintiff's injury was loss of employment and thus loss of income. As demonstrated by her arguments regarding the steps she took to find alternative employment, (ECF No. 18 at 28), she understands the nature of the Government's defense.

[5] In her reply brief in support of her Motion to Strike, Plaintiff additionally argues that the Government's affirmative defenses ought to be stricken because they relate to arguments that the Government could have made in a motion to dismiss pursuant to Rules 12(b)(1) or 12(b)(6) of the

12

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (ECF No. 13), is **GRANTED in part and DENIED in part**. It is **GRANTED** only insofar as Plaintiff's voluntarily withdrawn ADA claim is **DISMISSED**. The remainder is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 17), is **GRANTED in part and DENIED in part**. It is **GRANTED** only insofar as Defendant's voluntarily withdrawn prejudgment interest affirmative defense is **STRICKEN**. The remainder is **DENIED**.

This, the 7th day of August 2023.

/s/ Loretta C. Biggs
United States District Judge

---

Federal Rules of Civil Procedure, but that the Government has waived its right to raise Rule 12(b) issues due to procedural defects with the Government's Motion to Dismiss. (ECF No. 25 at 5–6.) This argument was not presented in Plaintiff's Motion to Strike, (ECF No. 17), or her opening brief in support of that motion, (ECF No. 18). The Court therefore will not address it. *See Fed. Nat'l Mortgage Assoc. v. Quicksilver LLC*, 155 F. Supp. 3d 535, 546 n.5 (M.D.N.C. 2015) ("[I]ssues not included in the opening brief are generally considered waived . . . ." (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 n.4 (4th Cir. 2013))).

13